[No. 17550. *En Banc.* September 20, 1923.]

BEEHIVE MARKETERIA, *Respondent*, v. CITIZENS BANK OF GEORGETOWN *et al., Appellants.*[1]

BANKS AND BANKING (26)—GENERAL OR SPECIAL DEPOSITS—CONTRACTS—INTENT OF PARTIES—EVIDENCE. Deposits received by a failing bank, on the last day before closing its doors, which were placed in separate envelopes marked with the depositors' names, with the intention on the part of the bank (not disclosed to the depositors) of returning the same to the depositors in case of insolvency and liquidation, are general and not special deposits, in the absence of any special agreement with the depositors or any intent on the part of the depositors to make special deposits.

SAME (6, 8)—INSOLVENCY—FRAUD—DEPOSITS AFTER INSOLVENCY—RIGHT OF RECOVERY—EVIDENCE—SUFFICIENCY. Deposits received by a failing bank, on the last day before closing its doors, which were placed in separate envelopes marked with the depositors' names, with the intention on the part of the bank (not disclosed to the depositors) of returning the same to the depositors in case of insolvency and liquidation, do not constitute trust funds that may be recovered by the depositors on the ground of fraud as in the case

[1]Reported in 218 Pac. 237.

of deposits accepted by a bank after knowledge of its hopeless and irretrievable insolvency, where there was a reasonable expectation that insolvency and liquidation would be avoided either through a sale of the bank to another, or by securing a large deposit from a prospective customer.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for King county, Abel, J., entered December 9, 1921, upon findings in favor of the plaintiff, in an action to recover deposits in an insolvent bank, tried to the court. Reversed.

*Tennant & Twitchell,* for appellants.
*John S. Jurey* and *D. R. Hoppe,* for respondent.

MAIN, C. J.—Plaintiff brought this action on behalf of itself and upon a number of assigned claims. The purpose of the action was to recover deposits made in the Citizens Bank of Georgetown on January 27, 1921, the last day on which the bank was open for business, or in lieu thereof to have the assets of the bank impressed with a trust in an amount equal to the deposits made on that day by the plaintiff and its assignors. The trial to the court without a jury resulted in findings of fact, conclusions of law and a judgment sustaining the right of recovery. From this judgment, the defendants appeal.

On the 26th day of January, 1921, and for some time prior thereto, the Citizens Bank of Georgetown, a corporation, had been engaged in the banking business in a suburb of the city of Seattle. At this time its cash reserve had fallen below the legal requirement and it had been notified by the state banking department that, unless this reserve was replenished, the bank would be taken over by that department. At this time there were pending negotiations looking to the sale of the bank to one of the large banks in the city of Seattle,

and there were also negotiations pending with one F. K. Robinson, which would result, if successful, in a large sum of money being placed in the bank. If the negotiations with either the bank or Robinson had been successful, there would have been no occasion for the bank to be taken over by the state supervisor of banking.

With matters in this situation on the morning of the 27th of January, the officers in charge of the bank concluded to do business that day as usual, but that all deposits which were received should be placed in envelopes with the respective depositor's name written thereon, and that no entry thereof would be made upon the bank's books. The entry was made upon the customer's deposit book in the usual course. The depositor had no knowledge of the condition of the bank, or that the deposits, after being received by it, were handled differently than was usual and customary. The envelopes, during that day, were placed in the vault and were not commingled with the funds of the bank. On the afternoon of the 27th, the officers of this bank were notified by the bank in the city with which they were negotiating, that that bank would not consummate the negotiations. On the following morning, between nine and ten o'clock, and before the bank opened for business, word was received from Robinson that the negotiations with him would fail. At ten o'clock on this day, or about that time, the bank was turned over to the state supervisor of banking, and since has been in the process of liquidation.

The first question is whether the deposits on the 27th were special or general. If special, the judgment of the trial court should be sustained; if general, that judgment could only be sustained on the ground that the bank was hopelessly and irretrievably insolvent

on that day, and, therefore, the receipt of the deposits operated as a fraud upon the depositors. The respondent's principal contention is that the deposits were special. There is no material difference between this case, upon the character of deposits and upon the question as to whether the respondent could prevail on the ground of fraud, and the case of *Washington Shoe Manufacturing Co. v. Duke, ante* p. 510, 218 Pac. 232. The questions are there discussed. Under the doctrine of that case, the deposits were general and not special, and the bank was not hopelessly and irretrievably insolvent, since negotiations were pending which, if successful, would have made the bank safe, and the officers of the bank had reasonable ground to believe that the condition of the bank would be relieved in one of the ways above mentioned.

The respondent, while it argues and cites authorities on the question of fraud in its brief, does not rely greatly upon that question, but submits the question, with the argument and authorities there cited, "for what it is worth."

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action.

PEMBERTON, BRIDGES, MACKINTOSH, and PARKER, JJ., concur.

FULLERTON, J., dissents.